# Supreme Court of Florida

————

No. SC2024-0669

————

**PUBLIX SUPERMARKETS, INC.,**
Petitioner,

vs.

**JONIDA GOGA, et al.,**
Respondents.

July 9, 2026

GROSSHANS, J.

This case requires us to clarify the standard of appellate review to be applied when a trial court dismisses an action for fraud on the court. In the decision below, the Fourth District Court of Appeal partially reversed a trial court's dismissal order, applying "a more stringent abuse of discretion standard." *Goga v. Publix Supermarkets, Inc.*, 383 So. 3d 490, 493 (Fla. 4th DCA 2024) (quoting *Beseler v. Avatar Prop. & Cas. Ins. Co.*, 291 So. 3d 137, 139 (Fla. 4th DCA 2020)). District courts across Florida have reached conflicting results in applying this unique abuse of discretion

standard to analogous facts.[1]  *See, e.g., Willie-Koonce v. Mia. Sunshine Transfer & Tours Corp.*, 233 So. 3d 1271, 1273 (Fla. 3d DCA 2017).

The First District Court of Appeal recently considered this issue as well.  *See Pro Choice Remediation, Inc. v. Old Dominion Ins. Co.*, 400 So. 3d 789, 792 (Fla. 1st DCA 2024).  Applying traditional standards of review to each aspect of the trial court's ruling, the First District reviewed the trial court's factual findings for competent, substantial evidence; its legal conclusions de novo; and its choice of sanction for abuse of discretion.  *Id.*  Notably, the First District did not employ a specialized or "more stringent" abuse of discretion standard in the fraud on the court context.  *See id.*

For the reasons that follow, the framework of review outlined in *Pro Choice* is correct.  Applying those standards here, we quash the Fourth District's decision in *Goga* and remand for proceedings consistent with this opinion.[2]

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(3), Fla. Const.

2.  We also disapprove the Third District's decision in *Willie-Koonce* insofar as it applied a standard of review inconsistent with the framework we adopt here.

I

Jonida Goga was shopping at a Publix supermarket in Pompano Beach, Florida, when she slipped on spilled dish soap and fell. Security footage from the store showed that after her fall, Goga continued shopping. After perusing the wine section, a customer service manager helped her find a bottle of champagne, which she ultimately purchased.

Nevertheless, citing her slip-and-fall incident, Goga sued Publix for premises liability. She alleged that she sustained injuries to her neck, back, pelvis, and hip area and claimed to have received seven months of medical treatment for her spine. She sought damages for medical expenses, pain and suffering, and lost wages.

More than two years after the incident, Goga answered interrogatories from Publix addressing the extent of her injuries. According to her answers, she was unable to "lift anything heavy" or "do [physical] activities" such as playing in the pool. Nor could she "walk or stand for long periods" or "go places with both [of her] children alone." In sum, she claimed that she would never be able to do many of the activities she did before the slip and fall.

Publix later deposed Goga. When asked if there were activities she could no longer do, she replied that there were "a lot of cant's." Among other things, she insisted that she could not lift her young children and had not done so since her slip and fall. She also testified she could neither bend at the waist nor run. After her deposition, Goga responded to a supplemental interrogatory from Publix, in which she again claimed to have a severely limited range of motion as well as difficulty walking.

Unbeknownst to Goga, Publix hired a private investigator to surveil Goga while discovery was ongoing. The investigator videoed Goga doing many, if not all, of the things she allegedly was unable to do. These included picking up and carrying her children, bending at the waist as she loaded and unloaded her vehicle, walking with groceries in hand, and even playing in the pool—all without restriction or apparent discomfort.

Given the discrepancy between these video recordings and Goga's interrogatory answers and deposition testimony, Publix moved to dismiss her complaint for fraud on the court. In support of dismissing the entire action, Publix cited the Third District Court of Appeal's decision in *Willie-Koonce* as "extremely analogous."

After holding an evidentiary hearing at which Goga testified and the video recordings were played, the trial court granted Publix's motion and dismissed her entire complaint with prejudice. The court found by clear and convincing evidence that Goga intentionally and repeatedly lied about her alleged physical limitations after the slip and fall and that her contrary testimony at the hearing was not credible. It therefore determined that she defrauded the court by "set[ting] in motion [an] unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter." The trial court further concluded that because Goga's fraud "comprehensively infect[ed] the integrity of th[e] action," dismissal of her complaint in its entirety was the proper sanction.

Goga appealed. In reviewing the trial court's rulings, the Fourth District applied a "more stringent abuse of discretion standard," reasoning that a "trial court's discretion is narrowed where dismissal is imposed as a sanction for fraudulent conduct." *Goga*, 383 So. 3d at 493 (quoting *Beseler*, 291 So. 3d at 139).[3]

---

3. Elsewhere in its opinion, the Fourth District explained that it was reviewing the trial court's legal conclusions under the

Applying this less deferential standard of review, the Fourth District affirmed as to the finding of fraud but reversed as to the sanction. *Id.* at 495-96. Devoting most of its analysis to the choice of sanction, the district court noted that "the trial court did not appropriately balance the policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system." *Id.* at 497. In the district court's view, the proper sanction was to dismiss only the portions of the complaint seeking damages for pain and suffering and lost wages, which depended on Goga's "subjective testimony." *Id.* at 496. Thus, the Fourth District remanded for the trial court to reinstate Goga's claim for medical expenses, which relied on "objective evidence" not informed by her fraudulent statements. *Id.*

Asserting that the decision below expressly and directly conflicts with the Third District's factually analogous decision in *Willie-Koonce*, Publix sought our review. *See* art. V, § 3(b)(3), Fla. Const.; *Askew v. Fla. Dep't of Child. & Fams.*, 385 So. 3d 1034,

---

traditional abuse of discretion standard. *Id.* at 495 (quoting *Bass v. City of Pembroke Pines*, 991 So. 2d 1008, 1011 (Fla. 4th DCA 2008)).

- 6 -

1037 (Fla. 2024) (explaining that jurisdiction based on an express and direct conflict exists when at least two district court decisions apply "a rule of law in a manner that results in a conflicting outcome despite 'substantially the same controlling facts'" (quoting *Kartsonis v. State*, 319 So. 3d 622, 623 (Fla. 2021))).

In *Willie-Koonce*, a woman fractured her femur when she was struck by a vehicle. 233 So. 3d at 1272. She later sued the owner and driver of the vehicle. *Id.* at 1273. In answering interrogatories and while testifying at her deposition, the woman claimed that, as a result of the accident, she had a permanent limp, which necessitated the use of a cane. *Id.* She also said she had difficulty carrying large items. *Id.*

As in *Goga*, an investigator for the defense had covertly surveilled the woman. *Id.* Videos recorded by the investigator showed that the woman was lying—she had no limp, did not use a cane, and was able to carry bulky items without assistance. *Id.* Following an evidentiary hearing, during which she testified and the investigator's videos were played, the trial court granted the defense's motion to dismiss her entire complaint with prejudice for fraud on the court. *Id.*

The Third District affirmed. *Id.* at 1272. In doing so, it purported to also apply a " 'narrowed' abuse of discretion standard." *Id.* at 1273 (quoting *Empire World Towers, LLC v. CDR Créances, S.A.S.*, 89 So. 3d 1034, 1038 (Fla. 3d DCA 2012)). However, the district court focused almost exclusively on the trial court's determination of fraud rather than applying this stricter standard to the sanction itself. *See id.* at 1274. Once the Third District determined the trial court was justified in its finding of fraud, it affirmed the sanction without further analysis. *See id.*

To resolve the conflict between *Goga* and *Willie-Koonce*, we granted review.

## II

The central issue underlying the conflict here is the proper scope and standard of appellate review when a trial court dismisses an action for fraud on the court. Whether the Fourth District applied the correct standard of review is itself a question of law, so our review is de novo. *See Alahad v. State*, 362 So. 3d 190, 197 (Fla. 2023) (citing *Van v. Schmidt*, 122 So. 3d 243, 252 (Fla. 2013)).

We begin by discussing fraud on the court and the origins of the "more stringent" abuse of discretion standard applied in *Goga*,

*Willie-Koonce*, and other district court cases. We then explain our process of identifying proper standards of review as a general matter. Against this backdrop, we explain why the First District's approach in *Pro Choice* is correct and why the unique abuse of discretion standard used by other courts is erroneous. Finally, we apply the appropriate standards of review to the trial court's ruling.

A

We have long recognized that cases may be dismissed for fraud on the court. *See Rhea v. Hackney*, 157 So. 190, 194 (Fla. 1934) (noting that "a court has authority by summary means to prevent an abuse of its processes, and to peremptorily dispose of a cause of action that is frivolous or wholly vexatious," including by "dismiss[ing] the cause").

Three decades ago, the Fifth District Court of Appeal became the first district court to incorporate a definition of fraud drawn from a federal court of appeals decision:

> The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense."

- 9 -

*Cox v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998) (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989)).

The Fifth District concluded that trial courts must "carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system." *Id.* (citing *Aoude*, 892 F.2d at 1117-18). The district court emphasized that dismissal, which the trial court in *Cox* had ordered, is the "most severe" sanction and thus "should be employed only in extreme circumstances." *Id.* (citing *Kornblum v. Schneider*, 609 So. 2d 138, 139 (Fla. 4th DCA 1992)).

Even so, the Fifth District opined that "where a party lies about matters pertinent to his own claim, or a portion of it, and perpetrates a fraud that permeates the entire proceeding, dismissal of the whole case is proper." *Id.* at 47 (citing *Savino v. Fla. Drive In Theatre Mgmt., Inc.*, 697 So. 2d 1011 (Fla. 4th DCA 1997)). "The integrity of the civil litigation process," it explained, "depends on truthful disclosure of facts." *Id.* Ultimately, the district court concluded that although it "might have imposed a lesser sanction" than dismissal, the question was "close enough" such that the trial court did not abuse its discretion. *Id.*

In the years following *Cox*, district courts began to tailor a unique standard of review applicable to a trial court's dismissal for fraud on the court. Namely, in *Jacob v. Henderson*, the Second District Court of Appeal explained that precedent had "narrowed a trial court's discretion in cases involving dismissal for fraud." 840 So. 2d 1167, 1169 (Fla. 2d DCA 2003) (quoting *Young v. Curgil*, 358 So. 2d 58, 59 (Fla. 3d DCA 1978), for the proposition that a "trial court's power to dismiss a case based on fraud 'should be cautiously and sparingly exercised and only on the most blatant showing of fraud, pretense, collusion or other similar wrongdoing' "). In light of this narrowed discretion, and because dismissal is an "extreme" sanction, a "more stringent abuse of direction standard" was warranted. *Id.*

Three things are noteworthy about *Jacob*. First, although the Second District did not clarify how "stringent" this standard was, its review was more rigorous than it would have been under the traditional abuse of discretion standard. The latter is "highly deferential," *Williams v. State*, 415 So. 3d 168, 173 (Fla.) (quoting *Wells v. State*, 364 So. 3d 1005, 1013 (Fla. 2023)), *cert. denied*, 146 S. Ct. 994 (2025), for it asks whether "no reasonable person would

- 11 -

take the view adopted by the trial court," *State v. Coney*, 845 So. 2d 120, 137 (Fla. 2003) (quoting *White v. State*, 817 So. 2d 799, 806 (Fla. 2002)). By contrast, the standard in *Jacob* entailed a more searching review of the trial court record. 840 So. 2d at 1169-70.

Second, the court in *Jacob* justified its imposition of a more stringent standard on the grounds that dismissal is an "extreme" sanction and that trial courts have "narrowed" discretion in the fraud context. *Id.* at 1169. Drawing on the latter consideration, some district courts, such as the Third District in *Willie-Koonce*, have referred to this standard as narrowed abuse of discretion. 233 So. 3d at 1273 (quoting *Empire World*, 89 So. 3d at 1038); *see also, e.g.*, *Ramey v. Haverty Furniture Cos.*, 993 So. 2d 1014, 1018 (Fla. 2d DCA 2008) (applying "an abuse of discretion standard that is somewhat narrowed" (internal quotation marks omitted) (quoting *Howard v. Risch*, 959 So. 2d 308, 310 (Fla. 2d DCA 2007))).

Third, and finally, the Second District in *Jacob* applied this more stringent standard to the trial court's dismissal order as a whole—including its findings of fact and conclusions of law—rather than to its choice of sanction in particular. A number of decisions have followed suit, effectively treating the trial court's fraud-based

determinations as being interwoven with its exercise of discretion. *See, e.g.*, *940 Ocean Drive, LLC v. Sobe USA, LLC*, 403 So. 3d 1048, 1054 (Fla. 3d DCA 2025) ("This standard of review takes into account the heightened clear-and-convincing-evidence standard regarding . . . allegations of fraud.  For the trial court to properly exercise its discretion regarding dismissal of a case for fraud on the court, it must have an evidentiary basis to make that decision." (omission in original) (internal quotation marks omitted) (quoting *Ramey*, 993 So. 2d at 1018)).  Yet, some district courts have focused their application of this special abuse of discretion standard only on certain aspects of a trial court's ruling.  *Compare, e.g.*, *Goga*, 383 So. 3d at 496 (focusing on sanction), *with Willie-Koonce*, 233 So. 3d at 1274 (focusing on factual findings).

## B

"A standard of review is 'a limiting mechanism which defines an appellate court's scope of review,' and hence its power."  Ronald R. Hofer, *Standards of Review—Looking Beyond the Labels*, 74 Marq. L. Rev. 231, 232 (1991) (quoting Patrick W. Brennan, *Standards of Appellate Review*, 33 Def. L.J. 377, 379 (1984)).  The standard of review identifies the degree of deference, if any, afforded

to the court whose decision is under review. *See id.* In essence, it operates as "a statement by an appellate court indicating which level of the judicial system is granted primary authority to resolve the issue." Brent E. Kidwell, Note, *A Nation Divided: By What Standard Should Fourth Amendment Seizure Findings Be Reviewed on Appeal?*, 26 Ind. L. Rev. 117, 130 (1992). Not only may different standards of review be applicable in one case, but more than one standard may apply to a single issue.

For example, determinations of law are reviewed de novo on appeal. *See Pinellas County v. Joiner*, 389 So. 3d 1267, 1269 n.2 (Fla. 2024) (citing *Knight v. State*, 286 So. 3d 147, 151 (Fla. 2019)). Thus, any legal conclusion made by the trial court receives no deference from the appellate court on review. *See D'Angelo v. Fitzmaurice*, 863 So. 2d 311, 314 (Fla. 2003).

Factual findings, by contrast, are reviewed for competent, substantial evidence. *See Cartenuto v. Just. Admin. Comm'n*, 260 So. 3d 908, 910 (Fla. 2018) (citing *Fla. Dep't of Fin. Servs. v. Freeman*, 921 So. 2d 598, 601 (Fla. 2006)). This standard of review is appropriate considering that "the trial court is in a superior position 'to evaluate and weigh the testimony and evidence based

upon its observation of the bearing, demeanor, and credibility of the witnesses.'" *Stephens v. State*, 748 So. 2d 1028, 1034 (Fla. 1999) (quoting *Shaw v. Shaw*, 334 So. 2d 13, 16 (Fla. 1976)). Whereas the trial court can see and hear witnesses as they testify live, the appellate court typically has only a "cold record"—a lifeless compilation of documents and transcripts. *Smith v. State*, 330 So. 3d 867, 888 (Fla. 2021) (quoting *Sweet v. State*, 248 So. 3d 1060, 1066 (Fla. 2018)).

Finally, matters committed to a trial court's discretion are reviewed for an abuse of discretion. *See Rivera v. State*, 260 So. 3d 920, 925 (Fla. 2018) (citing *Bryant v. State*, 901 So. 2d 810, 817 (Fla. 2005)). This standard of review is a means of ensuring that trial courts make reasonable decisions even when exercising the discretion they possess. *See Coney*, 845 So. 2d at 137 (quoting *White*, 817 So. 2d at 806).

With these background principles in mind, we examine the nature of the trial court's decision here—dismissal as a sanction for fraud on the court—and the role of the appellate court on review.

C

Whether a party perpetrated a fraud on the court that

permeated the entire action presents a mixed question of fact and law. This is so because a trial court's ruling on this issue depends on its application of the governing law—i.e., a particular legal rule—to a case's facts, which "define 'who did what, when or where, how or why.'" *Alahad*, 362 So. 3d at 199 (quoting *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 394 (2018)).

Factual findings in this context primarily consist of the nature and extent of a party's deception in filing the complaint, answering interrogatories, testifying during a deposition or at a hearing in court, and making other factual assertions during litigation. Of course, mere mistakes of fact do not constitute intentional deceit. *See Cox*, 706 So. 2d at 45, 47 (explaining that plaintiff inadvertently providing wrong social security number in her interrogatories was not fraudulent). And on appeal, a trial court's findings of fact may not be disturbed if they are supported by competent, substantial evidence. *See Cartenuto*, 260 So. 3d at 910 (citing *Freeman*, 921 So. 2d at 601).

By contrast, the trial court's legal conclusions consist of its application of the law to its factual findings. *See Alahad*, 362 So.

- 16 -

3d at 198 n.4 (citing *Connor v. State*, 803 So. 2d 598, 606 (Fla. 2001)). If the trial court concludes, based on its factual findings, that a party committed a fraud on the court that permeated the entire proceeding, it has discretion to impose a sanction. *See Savino*, 697 So. 2d at 1012 (affirming dismissal when the plaintiff repeatedly "lied about matters which went to the heart of his claim on damages" and "undermined the integrity of his entire action"); *Hogan v. Dollar Rent A Car Sys., Inc.*, 783 So. 2d 1211, 1213 (Fla. 4th DCA 2001) (same); *Cox*, 706 So. 2d at 47 ("[W]here a party lies about matters pertinent to his own claim, *or a portion of it*, and perpetrates a fraud that permeates the entire proceeding, dismissal of the whole case is proper." (emphasis added) (citing *Savino*, 697 So. 2d 1011)). Applying de novo review, the appellate court should ask whether the individual's deceit was so egregious and pervasive that it amounted to an intentional scheme to undermine the impartial adjudication of the case. *See Cox*, 706 So. 2d at 46.

This leads us to the trial court's choice of sanction (or its decision not to impose one), which should be reviewed for an abuse of discretion. In applying this standard of review, an appellate court must determine whether the sanction, if any, imposed by the

trial court was reasonable considering the severity and extent of the fraud. *Coney*, 845 So. 2d at 137 ("[D]iscretion is abused only where no reasonable person would take the view adopted by the trial court." (quoting *White*, 817 So. 2d at 806)). This standard cuts both ways. By that, we mean a trial court's decision *not* to dismiss an entire action, despite concluding that a party committed fraud on the court that permeated the whole case, might also under some circumstances amount to an abuse of discretion. *See Metro. Dade County v. Martinsen*, 736 So. 2d 794, 796 (Fla. 3d DCA 1999).

As discussed earlier, the First District recently applied these traditional standards of review in the fraud context rather than the "more stringent abuse of discretion standard" used by other district courts. *Pro Choice*, 400 So. 3d at 791 (quoting *Beseler*, 291 So. 3d at 139). We agree that this approach is sound and consistent with established methods of appellate review.

D

By contrast, applying a "more stringent" or "narrowed" abuse of discretion standard in the fraud on the court context is inconsistent with established principles of appellate review. As Judge Winokur observed, "link[ing] a standard of review to a

- 18 -

particular kind of ruling . . . 'often leads to a generalization that is not helpful.' " *Id.* at 792 (quoting Philip J. Padovano, *Florida Appellate Practice* § 19.4 (2024 ed.)).

Courts have offered two related justifications for their use of this special standard: (1) trial courts are afforded less discretion in the fraud on the court context, and (2) dismissal is a severe sanction. Neither justification is sound.

Begin with the premise that a trial court has narrow discretion in deciding whether to dismiss a complaint for fraud on the court. This simply means dismissal should be imposed cautiously given the extreme nature of the sanction. However, whether the trial court can employ its discretion in this context depends on its conclusion that sanctionable fraud has been committed on the court—that determination is not one of discretion, but of fact (what happened) and law (whether that amounts to fraud). *See, e.g., Bearden v. State,* 161 So. 3d 1257, 1263 (Fla. 2015) (observing that a trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion, but its interpretation of "the evidence code and applicable case law" is reviewed de novo (quoting *Pantoja v. State,* 59 So. 3d 1092, 1095 (Fla. 2011))).

To ask whether a trial court abused its discretion presupposes that the challenged ruling was discretionary. If the court lacked discretion to make the decision, the issue is not abuse of discretion but legal error. A trial court can only abuse discretion it possesses. *See DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md.*, 597 So. 2d 248, 250 (Fla. 1992) (explaining that a trial court's ruling on "a matter committed to sound judicial discretion" is reviewed on appeal for an abuse of discretion). Thus, before an appellate court can undertake an abuse of discretion analysis, it must be of the view that the trial court was acting within its discretionary authority—in this context, that it had properly reasoned, based on supported factual findings, that an individual's actions rose to the level of fraud on the court.[4] But nothing requires the appellate court to hold the lower court to a "more stringent" reasonableness standard once it has determined the court had the discretion to act.

This unique standard of review also cannot be defended on the

---

4. Granted, we have often said that a trial court does not abuse its discretion when it acts "well within its discretion." *E.g.*, *Colley v. State*, 432 So. 3d 454, 483 (Fla. 2025). But statements of this sort merely recognize that a court generally acts reasonably when it does not come close to exceeding the bounds of its discretion.

ground that dismissal is one of the severest sanctions a trial court may impose. Appellate courts routinely apply the traditional abuse of discretion standard in reviewing a trial court's choice of sanction. *See, e.g.*, *Mercer v. Raine*, 443 So. 2d 944, 946 (Fla. 1983). The availability of a lesser sanction may affect the *reasonableness* of the trial court's choice to impose a harsher one. *See id.*; *see also Ham v. Dunmire*, 891 So. 2d 492, 500 (Fla. 2004). In that regard, a sanction's severity is already taken into account under the ordinary abuse of discretion standard.

The unpredictable and inconsistent application of this standard across the district courts only magnifies its flaws. As we have explained, some appellate courts have applied the standard to the entirety of a trial court's ruling on a motion to dismiss for fraud on the court—including its findings of fact and conclusions of law. *See, e.g.*, *940 Ocean Drive*, 403 So. 3d at 1054. Other courts have applied this standard only to discrete aspects of the trial court's ruling. For example, the district court in *Goga* emphasized the necessity of reviewing the trial court's sanction, 383 So. 3d at 496-97, whereas the court in *Willie-Koonce* focused its analysis almost entirely on a sufficient finding of fraud, 233 So. 3d at 1274.

Finally, this unique standard of review invites the appellate court to reweigh the evidence, as Publix argues the Fourth District did here. *See Goga*, 383 So. 3d at 496; *see also 940 Ocean Drive*, 403 So. 3d at 1054-55. In fact, we see no other process by which an appellate court could apply this type of review to the case as a whole. At its core, this blanket approach to the standard of review blurs the line separating a trial court's discretionary authority from the distinct factual findings and legal conclusions on which its ruling also rests.

For these reasons, we reject the "more stringent" or "narrowed" abuse of discretion standard applied in *Goga, Willie-Koonce,* and other district court cases.

### III

Applying the proper standards of review here, we conclude that the Fourth District erred in partially reversing the trial court's dismissal order.

First, the trial court's factual findings regarding the nature and extent of Goga's fraudulent conduct are supported by competent, substantial evidence. As revealed by the videos taken by Publix's private investigator, Goga repeatedly lied in her

interrogatory answers and in her deposition testimony about her physical limitations after the slip and fall. Moreover, ample evidence supports the trial court's finding that Goga was not credible in her testimony at the evidentiary hearing, during which she unsuccessfully sought to reconcile the discrepancies between her factual assertions and the video recordings. With this, the Fourth District seemed to agree.

Furthermore, applying de novo review, we conclude that the trial court properly reasoned that Goga had committed fraud on the court based on its factual findings. Goga's pervasive lying about the extent of her physical limitations was an intentional "scheme calculated to interfere with the [trial court]'s ability impartially to adjudicate" her premises liability claims "by improperly influencing the trier of fact." *Cox*, 706 So. 2d at 46 (quoting *Aoude*, 892 F.2d at 1118). Likewise, Goga's fraud permeated the entire case—in the trial court's words, her actions "comprehensively infect[ed] the integrity of th[e] action." To the extent the Fourth District held to the contrary, it erred.

Lastly, we disagree with the Fourth District's determination, echoed by the dissent, that the trial court's dismissal of Goga's

entire action was improper.[5]  Given its sound legal conclusion that Goga committed a fraud on the court that permeated the entire proceeding, the trial court had discretion to dismiss her complaint in its entirety (or impose a lesser sanction).  The possibility that other judges may have permitted certain of her claims to proceed does not justify reversal.  Given the abundance and gravity of Goga's lies, we cannot say that no reasonable judge would have imposed the sanction of dismissal.

## IV

For the reasons set out above, we quash the Fourth District's decision in *Goga* and remand for reinstatement of the trial court's order dismissing Goga's entire complaint with prejudice.

It is so ordered.

COURIEL, C.J., and MUÑIZ, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., dissents with an opinion.
TANENBAUM, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

---

5.  We are also unpersuaded by the assertion that any of Goga's claims, including her claims for medical expenses, could be supported by "purely objective" evidence.

LABARGA, J., dissenting.

The plaintiff in this slip and fall case testified during her deposition that she could not lift her young children and had not lifted them at all since her fall. She also testified that she could not bend at the waist. *Goga v. Publix Supermarkets, Inc.*, 383 So. 3d 490, 492 (Fla. 4th DCA 2024). A private investigator hired by the defendant conducted several video surveillances that depicted the plaintiff picking up and carrying her children across parking lots, loading and unloading her vehicle with multiple bags of purchases, walking, and bending at the waist without any visible difficulty. *Id.*

Based on the information depicted in the various video surveillances, the trial court, after an evidentiary hearing where the plaintiff testified regarding the apparent discrepancies between her sworn discovery statements and what was depicted in the videos, entered an order granting the defendant's motion to dismiss the *entire* action with prejudice. *Id.* at 493.

The Fourth District Court of Appeal partially reversed the trial court's order, relying on its decision in *Beseler v. Avatar Property & Casualty Insurance Co.*, 291 So. 3d 137 (Fla. 4th DCA 2020), where it held that "[a] trial court's dismissal of a claim for fraud upon the

court is reviewed under a more stringent abuse of discretion standard, as the trial court's discretion is narrowed where dismissal is imposed as a sanction for fraudulent conduct." *Goga*, 383 So. 3d at 493; *see also Arzuman v. Saud*, 843 So. 2d 950, 952 (Fla. 4th DCA 2003) (stating that fraud on the court must be established by clear and convincing evidence).

Today, however, the majority rejects the "more stringent" abuse of discretion standard applied by the Fourth District and remands the case with instructions that the trial court's order dismissing Goga's *entire* complaint with prejudice be reinstated. Majority op. at 22, 24. I disagree.

Trial courts inherently possess the requisite authority, in the exercise of their sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court. *Kornblum v. Schneider*, 609 So. 2d 138, 139 (Fla. 4th DCA 1992). However, because the Florida Constitution guarantees every person open access to the judicial system to redress injuries,[6] courts must

---

6. Article I, section 21 of the Florida Constitution provides: "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."

carefully balance the policy condemning fraudulent actions with the fundamental constitutional right to have cases adjudicated on their merits.

As the Fourth District specified in *Goga,* "[w]hen reviewing a case for fraud, the court should 'consider the proper mix of factors' and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system." *Goga,* 383 So. 3d at 495 (quoting *Arzuman,* 843 So. 2d at 952). The Fourth District added:

> In balancing the policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system, trial courts must keep in mind that misconduct that falls short of the rigors of the fraud on the court test, including inconsistency, nondisclosure, poor recollection, dissemblance and *even lying,* is insufficient to support a dismissal for fraud, and, in many cases, may be well-managed and best resolved by bringing the issue to the jury's attention. *In other words, allegations of inconsistency, nondisclosure, and even falseness, are best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment, rather than by dismissal of the entire action.*

*Id.* at 494-95 (second emphasis added) (citation modified).

Ultimately, the Fourth District agreed the trial court properly dismissed the portion of the plaintiff's claims associated with

damages for pain and suffering and lost wages. The court did so "because the plaintiff's repeated pretrial lies about her limitations and pain demonstrate her willingness to lie under oath at trial, which 'comprehensively infects the integrity of this action' seeking pain and suffering damages and lost wages." *Id.* at 497. However, in keeping with the preference for adjudication on the merits of claims that do not infect the integrity of the action, the Fourth District held that "[t]he plaintiff remains entitled to pursue claims for medical expenses because such claims can be determined by objective evidence without reliance on the plaintiff's subjective testimony." *Id.* In doing so, the Fourth District upheld the integrity of the judicial system while safeguarding plaintiff's constitutional right to seek judicial redress for a portion of her damages.

Unfortunately, by excising the more stringent abuse of discretion standard, the majority in effect enlarges the scope of the discretion of trial courts. Consequently, trial courts are now empowered to subordinate the policy of favoring adjudication on the merits—an aspiration enshrined in the Florida Constitution—to competing interests aimed at safeguarding judicial integrity.

Because I cannot agree with this course of action and its potential consequences, I respectfully dissent.

Application for Review of the Decision of the District Court of Appeal Direct Conflict of Decisions

Fourth District - Case No. 4D2023-0011

(Broward County)

Edward G. Guedes and Blayne J. Yudis of Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, Florida,

for Petitioner

Annabel C. Majewski of Wasson & Associates, Chartered, Miami, Florida,

for Respondents

Tiffany Roddenberry and Kathryn Isted of Holland & Knight LLP, Tallahassee, Florida; and William W. Large of Florida Justice Reform Institute, Tallahassee, Florida,

for Amicus Curiae Florida Justice Reform Institute

Bryan S. Gowdy of Creed & Gowdy, P.A., Jacksonville, Florida,

for Amicus Curiae Florida Justice Association